IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DAVID N. MURPHY,** : | **CIVIL NO. 1:CV-14-00817** |
| **Plaintiff** : | **(Judge Rambo)** |
| **v.** : | |
| **WARDEN GENE BERDANIER,** *et al.*, : | |
| **Defendants** : | |

### **M E M O R A N D U M**

Plaintiff David N. Murphy, an inmate formerly incarcerated at the Schuylkill County Prison in Pottsville, Pennsylvania, commenced this civil rights action on April 29, 2014, by filing a complaint pursuant to the provisions of 42 U.S.C. § 1983, followed by an amended complaint on June 2, 2014. (Doc. 12.) The allegations contained within Plaintiff's amended complaint concern both the prison conditions at Schuylkill County Prison and the medical care he received while there. Plaintiff also raises allegations of retaliation and negligence against several Defendants.

By order dated June 4, 2014, the court directed service of the amended complaint on all Defendants named therein. (Doc. 14.) On September 17, 2014, one set of Defendants ("Medical Defendants") filed a motion to dismiss the complaint and supporting brief. (Docs. 28 & 29.) On September 22, 2014, a second set of Defendants ("SCP Defendants") filed a motion to dismiss or, in the alternative, for summary judgment. (Doc. 30.) A brief in support followed on October 3, 2014.

(Doc. 38.)  Pursuant to M.D. Pa. Local Rule 7.6, Plaintiff had fourteen (14) days from the service of the first motion to dismiss and brief (Docs. 28 & 29) to file a brief in opposition to the motion.  Pursuant to the same Local Rule, Plaintiff had twenty-one (21) days from the service of the brief in support of the motion to dismiss or, in the alternative, for summary judgment (Doc. 38), to file a brief in opposition to the motion.  With each time period, Plaintiff failed to file any opposition to either motion filed by Defendants or seek extensions of time in which to do so.  On November 19, 2014, the court directed Plaintiff to file a brief in opposition to the pending motion to dismiss and motion to dismiss or, in the alternative, for summary judgment, no later than December 4, 2014.  (Doc. 43.)  The order also forewarned Plaintiff that if he failed to oppose the motion within that time period allotted by the court, the court would grant the motions without a merits analysis.  *See* M.D. Pa. Local Rule 7.6; *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir. 1991).

To date, Plaintiff has failed to file any opposition.  Although his brief in opposition to the pending motions is now overdue, he has neither made the appropriate filing nor requested an extension of time in which to do so.  Therefore, for the reasons set forth below, the motion to dismiss (Doc. 28) filed by Medical Defendants and the motion to dismiss or, in the alternative, for summary judgment (Doc. 30) filed by SCP Defendants will be deemed unopposed and granted without a

merits analysis and Plaintiff's amended complaint (Doc. 12) will be dismissed with prejudice as to these Defendants for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b).

## II.  Discussion

Generally, a dispositive motion may not be granted merely because it is unopposed, because Local Rules of Court must be "construed and applied in a manner consistent with the Federal Rules of Civil Procedure." *Anchorage Assoc. v. Virgin Islands Bd. of Tax Review*, 922 F.2d 168, 174 (3d Cir. 1990) (the disposition of an unopposed motion ordinarily requires a merits analysis). However, when a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash Railroad Co.*, 370 U.S. 626, 529 (1962). In *Link*, the Supreme Court stated:

> The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in disposition of pending cases and to avoid congestion in the calendars of the District Courts. The power is of ancient origin, having its roots in judgments of nonsuit and non prosequitur entered at common law . . . . It has been expressly recognized in Federal Rule of Civil Procedure 41(b).

*Id*. at 629-30 (footnote omitted).

The Third Circuit Court of Appeals held in *Stackhouse* that a district court should not dismiss a civil rights complaint brought by a former prisoner for failure to comply with a local rule requiring a response to a dispositive motion without examining the merits of the complaint. *Stackhouse*, 951 F.2d at 30. However, in reaching this holding, the Court of Appeals did not vitiate the Supreme Court's decision in *Link*, Rule 41(b) of the Federal Rules of Civil Procedure, or the inherent power of the district court to impose the sanction of dismissal for failing to comply with a court order. Instead, the Court of Appeals specifically stated:

> In reaching our result, we do not suggest that the district court may never rely on the local rule to treat a motion to dismiss as unopposed and subject to dismissal without a merits analysis. There may be some cases where failure of a party to oppose a motion will indicate that the motion is in fact not opposed, particularly if the party is represented by an attorney and in that situation the rule may be appropriately invoked. *Nor do we suggest that if a party fails to comply with the rule after a specific direction to comply from the court, the rule cannot be invoked*.

*Stackhouse*, 951 F.2d at 30 (emphasis added). Further, in *Poulis v. State Farm Fire and Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), the Court of Appeals identified six factors that are appropriate to consider before dismissing a case for the plaintiff's late filing of a pretrial statement: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the

4

party or attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal which entails an analysis of alternative sanctions; and (6) the meritoriouness of the claim or defense.  However, as stated by the Third Circuit in a later case,

> *Poulis* did not provide a magic formula whereby the decision to dismiss or not to dismiss a plaintiff's complaint becomes a mechanical calculation easily reviewed by this Court.  As we have already recognized, not all of the *Poulis* factors need be satisfied in order to dismiss a complaint.  Instead, the decision must be made in the context of the district court's extended contact with the litigant.  Ultimately, the decision to dismiss constitutes an exercise of the district court judge's discretion and must be given great deference by this Court - a court which has had no direct contact with the litigants and whose orders, calendar, docket and authority have not been violated or disrupted.

*Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992) (internal citations omitted).

In the instant case, Plaintiff specifically was directed to comply with Local Rule 7.6 in the court's November 19, 2014 order directing him to file his opposition brief and was warned of the consequences of failing to timely file his opposition. (*See* Doc. 43.)  To date, over 100 days have passed since the second of the two pending motions was perfected, and Plaintiff has failed to file any opposition or seek an extension of time in which to do so.  Therefore, the court finds that Plaintiff's dilatoriness outweighs any of the other considerations set forth in *Poulis*. Accordingly, the court will deem the pending motion to dismiss (Doc. 28) and motion

to dismiss or, in the alternative, for summary judgment (Doc. 30) unopposed and grant those motions in favor of Medical Defendants and SCP Defendants, respectively, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and for failure to comply with a court order.

An appropriate order will issue.

S/Sylvia H. Rambo
United States District Judge

Dated: January 14, 2015